# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO MCMURRAY #254568, ) | |
| ) | |
| Plaintiff, ) | No. 3:15-cv-01311 |
| ) | |
| v. ) | CHIEF JUDGE SHARP |
| ) | |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Antonio McMurray, an inmate serving a state sentence in the Wilson County Jail in Lebanon, Tennessee, has filed a pro se complaint (ECF No. 1) for violation of civil rights pursuant to 42 U.S.C. § 1983. Before the Court is the plaintiff's application to proceed without prepaying fees or costs. (ECF No. 2.) In addition, the complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**A. Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (ECF 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The administrator of the Wilson County Jail, as custodian of the petitioner's trust account, is **DIRECTED** to submit to the clerk of court,

as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to Petitioner for the preceding month), but only when the balance in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this order to the administrator of the Wilson County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the administrator must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**B. Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all

well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint (ECF No. 1) establishes that on November 20, 2014, the plaintiff pleaded guilty to one count of a class D felony and was sentenced to four years to serve at 35%. The same day he was sentenced, the plaintiff was given a trustee job at the jail for which he began to earn sentence credits. He alleges that his accrued sentence credits and resulting change in his release eligibility and sentence expiration dates were properly reflected on his Tennessee Offender Management Information System (TOMIS) records until July 2015. Since that time, however, his TOMIS release and expiration dates have been "frozen," despite his continued accrual of sentence credits. The plaintiff alleges that he has addressed this problem to responsible individuals at the jail and at the Tennessee Department of Correction to no avail.

The plaintiff's claims relate directly to the duration of his confinement under a state criminal judgment and may not be presented under § 1983 until he achieves a favorable determination of his state remedies. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

A § 1983 claim challenging a prisoner's confinement must be dismissed even

where a plaintiff expressly seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). The United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The plaintiff's current action directly challenges the validity of his sentence calculation and thus the duration of his incarceration.

Although the plaintiff alleges that he has contacted several officials about his claim, these actions do not comply with the procedure prescribed by Tennessee law and will not satisfy the habeas statute's exhaustion requirement. The Tennessee Supreme Court has explained the procedure a felony offender[1] must follow to challenge his sentence calculation dates:

> We clarify that the Uniform Administrative Procedures Act ("UAPA") governs an inmate's challenge to the Tennessee Department of Correction's ("TDOC") calculation of a release eligibility date. See Tenn.Code Ann. §§ 4–5–101 to –325 (2011). Under the UAPA, an inmate must request a declaratory order from TDOC before filing a declaratory action in court. Tenn.Code Ann. § 4–5–225(b).

*Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012); *see also id.* at 464 ("An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA." (citations

---

[1] The Tennessee Department of Correction is responsible for calculating the sentences of all felony offenders, including those who serve their state sentences in local jails. Tenn. Code Ann. § 40-35-501(q).

omitted)). The court outlined the necessary procedure:

> Under the UAPA, an inmate must first petition TDOC for a declaratory order. Tenn. Code Ann. § 4–5–223(a) ("Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency."). Upon receipt of the petition, TDOC must either convene a contested case hearing and issue a declaratory order or refuse to issue a declaratory order. See Tenn. Code Ann. § 4–5–223(a)(1)-(2). An inmate aggrieved by a final decision in a contested case may obtain judicial review under the UAPA. Tenn. Code Ann. §§ 4–5–223(a)(1), –322.
>
> If TDOC chooses not to convene a contested case hearing or refuses to issue a declaratory order, FN17 an inmate may obtain judicial review by seeking a declaratory judgment in the Chancery Court of Davidson County. Tenn. Code Ann. §§ 4–5–223(a)(2), –225(a). The UAPA does not permit an inmate to seek a declaratory judgment in the Chancery Court, however, unless the inmate has first petitioned TDOC for a declaratory order and been refused. Tenn. Code Ann. § 4–5–225(b). In the absence of proof the inmate sought a declaratory order from TDOC, the Chancery Court lacks jurisdiction over an inmate's declaratory judgment action.

*Id.* at 464–65 (some internal citations omitted).

Accordingly, this action is not currently cognizable under § 1983. This matter is hereby **DISMISSED** without prejudice to the plaintiff's ability to refile upon removal of the *Heck* bar to relief, if the plaintiff succeeds in having his sentence corrected through state remedies or a federal writ of habeas corpus. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

The plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

It is so **ORDERED**.

Kevin H. Sharp
_____
Kevin H. Sharp, Chief Judge
United States District Court